UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GREGORY F. BARKEY, DALE D. BARKEY, and ROSE M. COOK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:05-CV-422 TS ) |
| CARL MOORE, DICK ALFELD, and PATRICIA PIKEL, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Gregory F. Barkey, Dale D. Barkey, and Rose M. Cook, *pro se* plaintiffs, filed this complaint along with a petition to proceed *in forma pauperis*. They allege that,

> After my brother, Jeffrey M. Barkey, died of an apparent suicide in 1994, the Ft. Wayne Police Dept. and Officer Carl Moore did indeed refuse to return his property, stating that a note from Deputy Prosecutor Patricia Pikel ordered the property destroyed.

Complaint at 7, DE 1.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Because there is no federal statute of limitations for 42 U.S.C. § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996).

The events set forth in the Complaint occurred more than a decade ago and, therefore, must be dismissed.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiffs' Motion for Leave to Proceed In Forma Pauperis [DE 2] is rendered **MOOT** by the Court's dismissal.

SO ORDERED on August 22, 2006.

                          s/ Theresa L. Springmann
                          THERESA L. SPRINGMANN
                          UNITED STATES DISTRICT COURT